STATE OF NORTH CAROLINA v. ROBERT LIPSCOMB

No. 7527SC451

(Filed 5 November 1975)

1. **Criminal Law § 139; Robbery § 6— minimum and maximum sentence the same — no error**

In a prosecution for armed robbery, the trial court did not err in sentencing defendant to prison "for the term of not less than thirty (30) years" without specifying a minimum term, since the maximum punishment for armed robbery was thirty years, and the judge set the minimum sentence at the maximum allowed by law.

2. **Criminal Law § 114— jury instructions — no expression of opinion by court**

Where there was considerable emphatic testimony of witnesses identifying defendant as the robber who wore the mask, the trial court's statement in its jury instructions that, "The State offered evidence further tending to show that there was no question but that the defendant was the participant with the stocking on his head and face," was an attempted paraphrase of the witnesses' testimony and did not amount to an expression of opinion by the court that a material fact had been proven.

APPEAL by defendant from *Griffin, Judge*. Judgment entered 7 February 1975 in Superior Court, CLEVELAND County. Heard in the Court of Appeals 18 September 1975.

Defendant was convicted of armed robbery. Judgment imposing a prison sentence was entered.

*Attorney General Edmisten, by Associate Attorney Cynthia Jean Zeliff, for the State.*

*Robert L. Harris, for defendant appellant.*

VAUGHN, Judge.

[1] In pertinent part, the judgment from which defendant appeals is as follows:

"It is ADJUDGED that the defendant be imprisoned for the term of *not less than thirty (30) years* in the Cleveland County Jail to be delivered to the Department of Correction, said sentence to commence at the expiration of and to run consecutively with the sentence or sentences imposed in 73CR2253 and 73CR2254 out of Rutherford County Superior Court." (Emphasis added.)

Citing *State v. Black,* 283 N.C. 344, 196 S.E. 2d 225, defendant argues that the court erred in not specifying a maximum period of imprisonment and suggests that there must be a difference between the minimum and maximum term imposed.

At the time the case was tried the maximum sentence for armed robbery was 30 years. G.S. 14-87. Defendant was sentenced to a term of not less than 30 years. The judge, therefore, set the minimum sentence at the maximum allowed by law. There is no requirement that he do otherwise. There is no requirement that the judge pronounce an indeterminate sentence. By the express terms of the statute it may be utilized in the "discretion" of the judge. G.S. 148-42.

[2]  Defendant also contends that the judge expressed an opinion on whether a material fact had been proven. The State's evidence tended to show that three men participated in the robbery. One of them, defendant, was wearing a mask made from a dark stocking which came down to the end of his nose. It did not go completely over his head. The witnesses said they could see through the stocking and distinctly observe his nose, eyes and the contour of his face. The witnesses were emphatic in their identification of defendant as being the robber who wore the mask. They went into considerable detail about the physical characteristics that made them "positive" that defendant was the masked robber. In recapitulating the evidence the judge made the following statement and defendant excepts to the sentence in parentheses:

> "(The State offered evidence further tending to show that there was no question but that the defendant was the participant with the stocking on his head and face.)
>
> The defendant's eyes could be seen through the stocking, and his walk had a characteristic that was identifiable; that is, the defendant's walk."

It appears that the judge was attempting a paraphrase of the testimony from the several witnesses who were unequivocal in their identification of defendant and positive that he was the man they saw with the mask. When the entire charge is considered we conclude that the judge did not convey the impression that he considered a material fact sufficiently proven. Instead, he made it abundantly clear that the jury should consider only their own recollection of the evidence.

The evidence of defendant's guilt is overwhelming and includes incriminating testimony from a witness who admitted his own role in the robbery. A review of the record discloses that defendant was afforded a fair trial, free from prejudicial error.

No error.

Chief Judge BROCK and Judge MARTIN concur.